UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MERCED COUNTY, <br><br> Defendant. | **CASE No. 1:16-cv-01311-MJS (PC)** <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br> **(ECF No. 1)** <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

His complaint is before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.  Plaintiff's Allegations

Plaintiff is incarcerated at North Kern State Prison but complains of acts that occurred during his arrest and subsequent detention at the Merced County Jail. He names Merced County as the sole defendant. His allegations may be summarized essentially as follows:

2

In August 2015, Plaintiff was assaulted and found near a creek in Merced. The Merced Police Department transported Plaintiff to Modesto Memorial Hospital. There, he was seen by Dr. Huto who diagnosed Plaintiff with a broken jaw, contusions to the face, and blunt trauma. Plaintiff's jaw was wired shut. He was prescribed antibiotics and pain medication and was given wax for his gums and straw drinks.

Plaintiff's probation officer is Mr. Saosavang. Mr. Saosavang was aware that Plaintiff was homeless and residing at the Salvation Army shelter. Plaintiff's family contacted Mr. Saosavang in any attempt to find Plaintiff housing but Saosavang was unhelpful. Saosavang put a warrant out for Plaintiff's arrest, and Plaintiff was arrested at the Salvation Army shelter.

Plaintiff was detained at the Modesto County Jail and then transferred to the Merced County Jail. Plaintiff filed a complaint for false imprisonment and was released. He did not receive care or treatment for his injuries while he was detained.

Upon his release, Saosavang refused to provide Plaintiff a ticket back to Modesto to receive treatment. Only Dr. Huto is authorized to treat Plaintiff.

Plaintiff states claims for false imprisonment, "hate crimes," and retaliation. He requests money damages.

**IV.     Analysis**

    **A.     Municipal Liability**

The only named defendant in this action is Merced County. Plaintiff therefore appears to intend to assert a claim for municipal liability.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of respondeat superior, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused

3

1 the underlying violation. Castro, 797 F.3d at 670 (quotation marks omitted) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Here, Plaintiff does not link the alleged violation of his rights to any policy or practice attributable to the county. Nor does he provide facts to suggest that the county knew of, and blatantly ignored, constitutional violations committed by its employees. Accordingly, Plaintiff fails to state a claim against Merced County. He will be given leave to amend.

**B.    Allegations Against Non-Party Saosavang**

Plaintiff states allegations Mr. Saosavang, who is not named as a defendant in this action.

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). As Saosavang is not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against him.

4

Accordingly, the Court will not herein address allegations against non-party Saosavang. If Plaintiff wishes to pursue such allegations, he may amend his complaint and include Saosavang in the caption.

### C. Linkage

In the event Plaintiff wishes to proceed against any individual defendant, he is advised that, under § 1983, he must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### D. Inadequate Medical Care

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (en banc) (slip op). Although Castro did not expressly

extend its holding to other Fourteenth Amendment violations, the broad language therein indicates that the standard applicable to Eighth Amendment violations is no longer appropriate to analogous Fourteenth Amendment claims. The Court therefore will apply the Castro holding to Plaintiff's claim for inadequate medical care.

Accordingly, in order to proceed on such a claim, Plaintiff must allege "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." Id. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S.Ct. at 2473).

As stated, Plaintiff does not name any individual defendant in this action. If he chooses to amend, he must plead facts sufficient to suggest that a named defendant's response to Plaintiff's serious medical need was objectively unreasonable.

### E.     Retaliation

Plaintiff states that he wishes to bring a claim for retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314

(9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff does not allege that anyone took adverse action against him in response to Plaintiff engaging in protected activity. He fails to state a cognizable retaliation claim. He will be given leave to amend.

**F.    False Imprisonment**

Plaintiff's claim for false imprisonment arises under state law.

7

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff has not alleged any cognizable federal claims, the Court cannot exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Plaintiff may amend his state law claim but is advised that such claim will not be addressed in the absence of a cognizable federal claim. The legal standard applicable to Plaintiff's state law claim is set out below.

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 485, 496 (Ct. App. 2000)).

Furthermore, to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims

1   Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

### G. Hate Crimes

Plaintiff states his intent to bring a claim for hate crimes. He does not state the criminal statute on which such a claim rests. Regardless, however, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

Plaintiff's bare reference to hate crimes is insufficient to state a claim. He will be given leave to amend.

### H. Equal Protection

Plaintiff's reference to hate crimes may be an attempt to bring a claim pursuant to the Equal Protection clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

9

Plaintiff does not allege that he was treated differently from others similarly situated. He therefore fails to state a cognizable equal protection claim. He will be given leave to amend.

**V.     Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed September 6, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   September 22, 2016          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE