UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR.,<br><br>     Plaintiff,<br><br>     v.<br><br>MERCED COUNTY,<br><br>     Defendant. | **CASE No. 1:16-cv-01311-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 10)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, and he was given leave to amend. His first amended complaint is before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Facts

The allegations contained in Plaintiff's first amended complaint bear no resemblance to those contained in his initial complaint. Thus, although the amended complaint supersedes the initial complaint, both complaints are discussed below.

### A. Plaintiff's Prior Complaint

Plaintiff's initial complaint complained of acts that occurred during his arrest and subsequent detention at the Merced County Jail. He named Merced County as the sole defendant. Briefly stated, he alleged that he was assaulted and injured in Merced County, and transported to Modesto Memorial Hospital for treatment. Thereafter, his probation officer, Mr. Saosavang, put a warrant out for Plaintiff's arrest and Plaintiff was arrested at a homeless shelter. He was detained at the Modesto County Jail and then transferred to the Merced County Jail. Plaintiff filed a complaint for false imprisonment and was released. He did not receive care or treatment for his injuries while he was detained. Upon his release, Saosavang refused to provide Plaintiff a ticket back to Modesto to receive treatment. Plaintiff claimed false imprisonment, "hate crimes," and retaliation.

### B. First Amended Complaint

The caption of Plaintiff's first amended complaint names Merced County, Mr. Saosavang, Merced Police Department, and Merced County Jail as Defendants. The body of his complaint names Sergeant Munoz at North Kern State Prison ("NKSP") as the sole defendant.

Plaintiff alleges that Munoz accused him of stealing a marker from the x-ray room at NKSP. As a result, an inmate was allowed to search Plaintiff's cell and his belongings went missing. Plaintiff had an altercation with this inmate and ended up in segregated housing.

Additionally, Plaintiff had hand surgery in August 2016 with Dr. Paik. His medication was discontinued prematurely by the prison. As a result, Plaintiff experienced pain and developed an infection.

Plaintiff also was pepper sprayed and pepper spray got on his cast. His arm was burned, and Dr. Paik was angry that Plaintiff was not brought in sooner to have the cast removed.

### IV. Analysis

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ." See George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff previously was advised that he may not change the nature of this suit by adding new, unrelated allegations. Nonetheless, Plaintiff's complaint contains no allegations regarding the original defendant and does not address his original claims. Nor does it address any of the deficiencies set out in the Court's prior screening order. Instead, Plaintiff brings new claims against new defendants that appear to bear no relationship to his original claims.

The actions Plaintiff complains of are not properly joined in this action and will not be addressed. See Fed. R. Civ. P. 20(a)(2). If Plaintiff wishes to pursue these allegations, he must do so in a separate suit.[1]

### V. Conclusion and Order

The allegations contained in Plaintiff's first amended complaint are not properly joined in this action. Accordingly, the first amended complaint will be dismissed.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the deficiencies noted in the initial screening order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, his amended

---

[1] It does not appear that Plaintiff will be prejudiced by the statute of limitations in bringing a separate suit based on these allegations. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015).

4

complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff is again reminded that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 10) is DISMISSED;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint filed October 3, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   November 8, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE