UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MERCED COUNTY, <br><br> Defendant. | CASE No. 1:16-cv-01311-MJS (PC) <br><br> **ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** <br><br> (ECF No. 16) <br><br> **DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)** <br><br> **CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 9.) His first amended complaint was dismissed because it contained only allegations that were not properly joined in this action. He again was given leave to amend. (ECF No. 11.) His initial attempt at a second amended complaint

was stricken because it too contained only contained allegations improperly asserted in this action. A separate action was opened and the stricken complaint was filed therein.

Plaintiff has filed a new second amended complaint in this action, and it is before the Court for screening.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is incarcerated at California State Prison, Sacramento but complains of acts that occurred during his arrest and subsequent detention at the Merced County Jail. He names the following Defendants: Merced Police Department, Saovasang, Merced County Jail, Sergeant L. Munoz at North Kern State Prison, and Correctional Officer L. Jimenez at North Kern State Prison.

His allegations may be summarized essentially as follows:

Plaintiff was assaulted and found near a creek in Merced. Plaintiff's probation officer, Defendant Saovasang did not initiate an investigation but instead put out a warrant for Plaintiff's arrest. Plaintiff filed a false imprisonment complaint and was released. Plaintiff reported to Saovasang and showed him that he had a lip infection, wires, and stitches in his jaw. Plaintiff claims he required care that only Modesto Memorial Hospital could provide. Saovasang did not care and did nothing.

Plaintiff was tazed by a Merced County Police Officer without reason. This occurred because Defendant Saovasang, did not give Plaintiff a bus ticket to Modesto to receive medical treatment. Plaintiff characterizes this conduct as a hate crime, false imprisonment, and retaliation. At some point thereafter, Plaintiff was taken to Modesto Memorial Hospital to have silver bullets removed.

While in the Merced County Jail, Plaintiff fought another inmate and won. The losing inmate falsely accused Plaintiff of rape. This accusation was placed on Plaintiff's "bail bonds and computers." The subject inmate was released. The case later was

3

dropped. Plaintiff should not have been housed with this inmate because the inmate is a sensitive needs inmate and Plaintiff is general population. Housing them together constitutes conspiracy to commit murder.

Plaintiff seeks money damages.

**IV.   Analysis**

**A.   Municipal Liability**

Plaintiff names the Merced Police Department and Merced County Jail as Defendants. Plaintiff therefore appears to intend to assert a claim for municipal liability.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)).  Counties may not be held liable for the actions of their employees under a theory of respondeat superior, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (quotation marks omitted) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002).  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id.  This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

4

Here, Plaintiff does not link the alleged violation of his rights to any policy or practice attributable to the county. Nor does he provide facts to suggest that the county knew of, and blatantly ignored, constitutional violations committed by its employees. Accordingly, Plaintiff fails to state a claim against Merced County.

He previously was advised of this standard and afforded the opportunity to cure noted defects. He failed to do so. Further leave to amend appears futile and will be denied. The Court will not further address Plaintiff's claims against the Merced Police Department or the Merced County Jail.

### B.     North Kern State Prison Defendants

In the body of his complaint, Plaintiff names Sergeant L. Munoz and Correctional Officer L. Jimenez at NKSP as Defendants. He does not state any factual allegations against either Defendant.

As Plaintiff has been advised, Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). As these individuals are not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against them.

Additionally, Plaintiff has not demonstrated that these Defendants personally participated in the deprivation of his rights, as he fails to state any facts against them. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Finally, Plaintiff's allegations relate to his arrest and detention in Merced County. It does not appear that claims against NKSP officials are properly joined in this action. As Plaintiff has been advised, Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same

1  action only if "any right to relief is asserted against them jointly, severally, or in the
2  alternative with respect to or arising out of the same transaction, occurrence, or series of
3  transactions or occurrences," and there is a "question of law or fact common to all
4  defendants." "Thus multiple claims against a single party are fine, but Claim A against
5  Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
6  claims against different defendants belong in different suits . . ." See George v. Smith,
7  507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

8  These Defendants will be dismissed. To the extent Plaintiff intends to raise claims
9  against them, he must do so in a separate action.

### C. Inadequate Medical Care

11  It appears Plaintiff wishes to state a claim against Defendant Saovasang for
12  failing to transport Plaintiff to Modesto for medical care after Plaintiff was released from
13  jail. Pretrial detainees have a right to adequate medical care protected by the Fourteenth
14  Amendment to the United States Constitution. Simmons v. Navajo County, Ariz., 609
15  F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232,
16  1244 (9th Cir. 2010). Prisoners have a right to adequate medical care protected by the
17  Eighth Amendment. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). And, arrestees
18  have a right protected to medical care protected by the Fourth Amendment. Tatum v.
19  City & Cnty. of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006).

20  Plaintiff's complaints against Saovasang appear to have arisen after he was
21  released on probation. Thus, at that time, Plaintiff was not a detainee, a prisoner, or an
22  arrestee. Plaintiff cites no authority to support the proposition that his probation officer
23  was constitutionally required to provide him with transportation to another city for medical
24  treatment, and the Court finds none.

25  It is possible that the jail had some responsibility to provide limited attention for
26  Plaintiff's ongoing medical needs upon his release. See Wakefield v. Thompson, 177
27  F.3d 1160, 1164 (9th Cir.1999) (holding that "the state must provide an outgoing
28  prisoner who is receiving and continues to require medication with a supply sufficient to

6

ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply"); see also Lugo v. Senkowski, 114 F. Supp. 2d 111, 115 (N.D.N.Y. 2000) (holding that the State "has a duty to provide medical services for an outgoing prisoner who is receiving continuing treatment at the time of his release for the period of time reasonably necessary for him to obtain treatment on his own behalf" (internal quotation marks and citation omitted)). However, the Court is unable to discern from the complaint whether Plaintiff had any such needs, if such needs went unfulfilled, or who was responsible for any deficiencies.

Plaintiff already has been provided the legal standards applicable to medical care claims brought by pretrial detainees. He has failed to state a claim on that basis. He also fails to provide any basis for liability on the part of Defendant Saovasang. This claim will be dismissed. Further leave to amend will be denied.

**D.   Retaliation**

Plaintiff states that he wishes to bring a claim for retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing,

evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff does not allege that anyone took adverse action against him in response to Plaintiff engaging in protected activity. He fails to state a cognizable retaliation claim. He previously was advised of this defect and failed to cure it. This claim will be dismissed without further leave to amend.

**E.     Hate Crimes**

Plaintiff states his intent to bring a claim for hate crimes. He does not state the criminal statute on which such a claim rests. Regardless, however, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at

least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

Plaintiff previously was advised of this defect. This claim will be dismissed without further leave to amend.

### F.    Equal Protection

Plaintiff's reference to hate crimes may be an attempt to bring a claim pursuant to the Equal Protection clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not allege that he was treated differently from others similarly situated. He therefore fails to state a cognizable equal protection claim. He previously was advised of this defect and failed to cure it. This claim will be dismissed without further leave to amend.

### G.    Failure to Protect

Plaintiff brings a new claim against the Merced County Jail for placing him in a cell with an inmate with whom he was not compatible. As stated above, Plaintiff has failed to allege sufficient facts to establish liability on the part of the municipality. Accordingly, the merits of this claim will not be addressed.

### H. Excessive Force

Plaintiff brings a new claim alleging that he was tazed by a police officer without reason. He does not name any individual police officer as a Defendant. As stated above, he has not alleged sufficient facts to establish municipal liability on the part of the police department. Accordingly, the merits of this claim will not be addressed further.

### I. False Imprisonment

Plaintiff's claim for false imprisonment arises under state law.

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Plaintiff previously was advised of this defect. This claim will be dismissed without further leave to amend.

## V. Conclusion and Order

Plaintiff's second amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The action is DISMISSED with prejudice for failure to state a claim;
2. Dismissal counts as a strike pursuant to the "three strikes" provision set

forth in 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated:   December 19, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE