UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>MERCED COUNTY, et al.,<br><br>  Defendants. | CASE NO. 1:16-cv-01311-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ECF NO. 26** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On December 19, 2016, Plaintiff's complaint was dismissed for failure to state a claim, and the action was closed. (ECF Nos. 19, 20.) Plaintiff appealed. (ECF No. 23.)

Before the Court is Plaintiff's January 27, 2017 motion to appoint counsel. (ECF No. 26.) To the extent Plaintiff desires counsel on appeal, he must file his request in the court of appeals.

To the extent Plaintiff requests counsel in this closed action, he is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, as the action has been dismissed for failure to state a claim, the court cannot make a determination that plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   January 31, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE