UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MERCED COUNTY,<br><br>　　　　Defendant. | **CASE No. 1:16-cv-01311-MJS (PC)**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 22)** |

## I.   Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 9.) His first amended complaint was dismissed because it only contained allegations that were not properly joined in this action. He again was given leave to amend. (ECF No. 11.) His initial attempt at a second amended complaint was stricken because it also contained only allegations that were not properly joined in this action. A separate action was opened and the stricken complaint was filed therein. Finally, his re-filed second amended complaint was dismissed for failure to state a claim. (ECF No. 19.) Further leave to amend was denied, and the action was closed. (Id.)

Before the Court are Plaintiff's objections to the screening order, which the Court construes as a motion for reconsideration.[1] (ECF No. 22.)

## II. Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Additionally, Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

---

[1] Plaintiff has appealed. (ECF No. 23.) The Court nonetheless has jurisdiction to deny the motion for reconsideration. Fed. R. Civ. P. 62.1(a).

citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

### III. Discussion

Plaintiff's motion does not present a basis for relief.

Plaintiff asks for extra time to obtain the name of a police officer who tazed him. This claim was dismissed because Plaintiff alleged only municipal liability and yet he failed to state a claim on that basis. Furthermore, to the extent Plaintiff wishes to proceed against an individual police officer, this claim would appear to be improperly joined. Fed. R. Civ. P. 20.

Plaintiff asks for extra time to subpoena a police report. It is unclear how such report would have affected the Court's analysis of Plaintiff's claims. It appears related to the tazing incident.

Plaintiff proposes to reduce the amount of monetary relief he seeks in this action. This was not a basis for the dismissal of the complaint. Altering the amount of relief would not affect the Court's conclusions.

Plaintiff asks for permission to re-file his state law claims. The Court declined to exercise jurisdiction over Plaintiff's state law claims. The dismissal order does not affect Plaintiff's ability to bring such claims in state court.

Lastly, Plaintiff re-alleges allegations that the Court determined were not cognizable. Plaintiff presents no basis for reconsidering the Court's prior ruling.

### IV. Conclusion and Order

Plaintiff's objections, construed as a motion for reconsideration, do not present a basis for reconsideration or for relief from judgment. Accordingly, the motion for reconsideration is HEREBY DENIED.
IT IS SO ORDERED.

Dated:   February 6, 2017            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE